IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VERIS HOME TECHNOLOGY LLC D/B/A AXISS AUDIO<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BOVAIRD, MICHAEL GEFTEAS, FLORIAN WIEGAND, SUNCOAST AUDIO LLC, LUXURY HI-FI DISTRIBUTION LLC, CLARISYS AUDIO GLOBAL DISTRIBUTION, LLC, and BESPOKE AUDIO SHOP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-00918<br><br>District Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Luke A. Evans<br><br>JURY DEMAND |

**JOINT MOTION TO SET A SCHEDULE AND RESET INITIAL CASE MANAGEMENT CONFERENCE**

The parties currently before the Court, as indicated by the signatures of their respective counsel hereto, respectfully request that this Court extend the response and reply deadlines to the pending Motions to Dismiss, set a briefing schedule, and continue the Initial Case Management Conference. The signatories to this Joint Motion are all parties except for Defendant Florian Wiegand, who has yet to be served.

All Defendants who have entered an appearance have filed motions to dismiss for lack of personal jurisdiction and improper venue (*see* Doc. Nos. 18–21), and Defendants Michael Gefteas and Bespoke Audio Shop have additionally moved for lack of subject matter jurisdiction and/or alternatively, failure to state a claim. *See* Doc. Nos. 20–21. Defendant Wiegand resides in Switzerland and is waiting to be served by the Swiss authorities. Given that multiple Defendants are contesting personal jurisdiction and venue and Defendant Florian Wiegand has yet to be served

and appear, the undersigned parties jointly move this Court to continue the Initial Case Management Conference to a later date. The parties also jointly move this Court to set the below schedule for Plaintiff's response to the pending motions and Defendants' replies, as necessary.

In support of this joint motion, the parties note as follows:

1. Given that the undersigned Defendants are challenging this Court's jurisdiction, including personal jurisdiction and venue, the Court's and the parties' resources would be best conserved by not proceeding with the Initial Case Management Conference until such challenges are resolved. By joining in this Motion to extend the Parties' respective deadlines for briefing the Motions to Dismiss and to continue the Initial Case Management Conference, the Defendants do not waive, concede, or otherwise forfeit their request that the Court dismiss this action on the grounds of personal jurisdiction or venue. Rather, while maintaining their objections to jurisdiction and venue, Defendants have consented to an extension of Plaintiff's time to respond to the Motions as a professional courtesy and further hope to relieve the Court and the parties of engaging in time-intensive efforts that would be wasted if Defendants' Motions are granted.

2. Defendant Florian Weigand, a Switzerland resident, has yet to receive service, and it may be weeks before such service is achieved via Swiss authorities through the Hague Service Convention. Extended time for addressing the pending motions may allow for Mr. Wiegand to be served and appear. The parties respectfully request that the Initial Case Management Conference should not proceed until after the extended service date of January 17, 2027, which this Court granted last week. *See* Doc. No. 17.

3. Counsel request extended time to address the motions because of personal and work-related obligations. Specifically, and as an example, Plaintiff's counsel must fill in

immediately as trial counsel on another matter for a firm partner who went out with a medical emergency.

For these reasons, the parties respectfully request the Court enter an order setting the below deadlines in this case:

1. **October 9, 2026**: Plaintiff's deadline to respond to the pending Motions to Dismiss or file an Amended Complaint under Fed. R. Civ. P. 15(a)(1).

2. **October 23, 2026**: Defendants' deadline to reply to Plaintiff's response, as applicable.

3. **A date after January 17, 2027**: The continued Initial Case Management Conference date.

Respectfully submitted,

*/s/ Eric G. Osborne*
Eric G. Osborne, BPR No. 029719
Amy R. Mohan, BPR No. 031238
**Sherrard Roe Voigt & Harbison, PLC**
1600 West End Ave., Suite 1750
Nashville, TN 37203
Tel.: (615) 742-4200
eosborne@srvhlaw.com
amohan@srvhlaw.com

*Counsel for Plaintiff Veris Home Technology LLC d/b/a Axiss Audio*

*/s/ Peter Robison w/ permission by Eric G. Osborne*
Peter Robison, BPR # 27498
**Lewis Thomason, P.C.**
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Tel: (615) 259-1343
probison@lewisthomason.com

*Counsel for Defendants Michael Bovaird, Suncoast Audio LLC, Luxury Hi-Fi Distribution LLC, and Clarisys Audio Global Distribution LLC*

*/s/ Eric C. Lyons, w/ permission by Eric G. Osborne*
Eric C. Lyons, BPR No. 036105
**Buchalter**
1 Music Circle South, Suite 300
Nashville, TN 37203
Tel: (615) 986-3736
elyons@buchalter.com

*Counsel for Defendants Michael Gefteas and Bespoke Audio Shop*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all attorneys of record registered on the CM/ECF system. All other parties will be served by electronic mail and/or U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Florian Wiegand
Cross Street Corporate Services, LLC
50 Central Avenue, 8th Floor
Sarasota, FL 34236

/s/ *Eric G. Osborne*
Eric G. Osborne, BPR No. 029719