UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VERIS HOME TECHNOLOGY LLC,<br>Plaintiff,<br><br>v.<br><br>MICHAEL BOVAIRD et al.,<br>Defendants. | Case No. 3:26-cv-00918<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

The parties who have appeared so far in this case—plaintiff plus all defendants except Florian Wiegand—have filed a joint motion (Doc. No. 22) to postpone the initial case management conference currently set for September 22, 2026; and to extend the schedule concerning the pending motions to dismiss (Doc. Nos. 18, 20), including an extension of plaintiff's deadline to amend once as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure.

The motion (Doc. No. 22) is GRANTED IN PART. The initial case management conference is reset for **Tuesday, January 26, 2027, at 10:00 AM CT**. Counsel for each party shall call (855) 244-8681 and enter access code 2317 604 8628# to participate. By no later than January 22, 2027, the parties shall file a joint proposed amended case management order. The parties shall also email a Word version of the joint proposed case management order to TNMDEvansChambers@tnmd.uscourts.gov.

The Court, however, will not extend the time to amend the complaint as of course under Rule 15(a)(1). "Although the Rule states that any of the 'responsive pleadings' or Rule 12 motions described [in Rule 12(b), (e), or (f)] will begin a 21-day period for amendments as a matter of course, there is, in fact, only one, single 21-day period available for amending 'as a matter of course.' The *earliest* served responsive pleading or motion starts that single period running." 3

Moore's Federal Practice—Civil § 15.12(3). "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings." Fed. R. Civ. P. 15 adv. cmte. note to 2009 amendments. The whole point, then, of Rule 15(a)(1) is to give a plaintiff a limited time to decide whether to moot a pending motion to dismiss through a quick amendment without court involvement:

> The purpose of the amendment-as-of-right provision is to avoid judicial involvement in the pleading process when there is little reason for doing so. Given the limited time period following commencement of the action within which this type of amendment may be made, it is unlikely that motions for leave to amend would be denied by a judge, which means that there is no reason for requiring the court to pass on them.

6 Fed. Prac. & Proc. Civ. § 1480 (3d ed.) (citation omitted). By definition, if a court needs to become involved then the request effectively becomes a request under Rule 15(a)(2). In this context, whether the Court has the authority to extend a narrow time frame designed to obviate the need for judicial intervention is not clear. *But see Hayes v. Dist. Of Columbia*, 275 F.R.D. 343, 345 (D.D.C. 2011) (invoking Rule 6(b) as a basis to amend the time under Rule 15(a)(1)); *accord Wicks v. Buchanan*, No. 4:25-CV-1004-ZMB, 2025 WL 2636431, at *1 (E.D. Mo. Sept. 12, 2025) (citing *Hayes*). Even if the Court had such authority through Rule 6(b), that rule requires a showing of good cause, a higher standard than the standard under Rule 15(a)(2). Here, the parties have not made enough of a showing of good cause to extend the deadline under Rule 15(a)(1) when leave to amend remains available under Rule 15(a)(2).

That said, the Court will extend the schedule for responding to the pending motions to dismiss, if plaintiff does not moot them through an amended pleading in the time remaining under

Rule 15(a)(1). Any responding papers will be filed on or before October 9, 2026. Any optional reply papers will be filed on or before October 23, 2026.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge