**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VERIS HOME TECHNOLOGY LLC, by itself and as assignee of SPEMOT AG, AXISS AUDIO USA, LLC, and AXISS DISTRIBUTION INCORPORATED,** | ) | |
| **Plaintiff,** | ) | **No.: 3:26-cv-00918** |
| **v.** | ) | **District Judge Waverly D. Crenshaw, Jr.** |
| **MICHAEL BOVAIRD, MICHAEL GEFTEAS, FLORIAN WIEGAND, SUNCOAST AUDIO LLC, LUXURY HI-FI DISTRIBUTION LLC, and CLARISYS AUDIO GLOBAL DISTRIBUTION, LLC,** | ) | **Magistrate Judge Luke A. Evans** |
| | ) | **JURY DEMAND** |
| **Defendant(s).** | ) | |

**DEFENDANTS MICHAEL BOVAIRD, FLORIAN WIEGAND, SUNCOAST AUDIO LLC, LUXURY HI-FI DISTRIBUTION LLC, AND CLARYSIS AUDIO GLOBAL DISTRIBUTION, LLC'S MOTION TO DISMISS**

Defendants Michael Bovaird ("Mr. Bovaird"), Floria Wiegand ("Mr. Wiegand"), Suncoast Audio LLC ("Suncoast"), Luxury Hi-Fi Distribution LLC ("Luxury"), and Clarisys Audio Global Distribution, LLC ("Clarisys") (collectively "Defendants" or the "Bovaird Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3),[1] hereby make a special and limited appearance to file this Motion to Dismiss all claims filed against them by Plaintiff Veris Home

[1] In the event that the Court were to determine that both jurisdiction and venue in the Middle District of Tennessee are proper, these Defendants reserve the right to challenge the sufficiency of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)-(h). *See Orange Theatre Corp., v. Rayherstz Amusement Corp., et al*, 139 F. 2d 871, 874 (3rd Cir. 1944); *Blank v. Bitker*, 135 F.2d 962 (7th Cir. 1943); *Kaufman v. United States*, 35 F. Supp. 900 (D.C. Dist. Col. 1940); *Brunson v. Capitol CMG, Inc.*, 2021 U.S. Dist. LEXIS 135857 (M.D. Tenn. Jul. 21, 2021).

Technology LLC, by itself and as assignee of Spemot AG, AXISS Audio USA, LLC, and AXISS Distribution Inc. ("Veris" or "Plaintiffs") in their Amended Complaint (Docket Entry No. 25).

Having seen the Motions to Dismiss field by the defendants in this matter to the original Complaint, Plaintiffs have taken the approach of excess, filing an Amended Complaint containing 468 paragraphs and taking up 72 pages. In an attempt to manufacture some connection between the Bovaird Defendants and the state of Tennessee that would render jurisdiction and venue appropriate, Plaintiffs repeat the word "Tennessee" 136 times in the body of the Amended Complaint. However, repetition does not alter the facts of this case, which arise from an unsatisfactory experience of a customer in California.

The Bovaird Defendants are located in Florida or Switzerland, and they have no contacts with Tennessee of sufficient significance under long-standing Sixth Circuit case law that would subject them to the jurisdiction of the courts in this state. The only contract in evidence is the Authorized Dealer Agreement (the "Agreement") between Suncoast and AXISS Distribution, Inc. ("ADI"), a company that was identified as being based in California. The plain language of that Agreement require the application of California law and prohibited verbal amendments or separate agreements such as those alleged by Plaintiffs in their Amended Complaint.

Plaintiffs claim that the operations of ADI were transferred to Tennessee, but that was never communicated to Suncoast. An address in an invoice is not substitute for the notice requirements contained in the Agreement, or some other affirmative acts by the Bovaird Defendants that demonstrate that they intentionally availed themselves of the jurisdiction of Tennessee.

Plaintiffs' claims of defamation or injurious falsehood involve alleged statements made in Florida, Colorado, Utah, or California. None of those statements create any connection with Tennessee, particularly when Suncoast understood it was dealing with a California company (ADI).

Accordingly, this Court lacks personal jurisdiction over the Bovaird Defendants in this matter. Similarly, venue in the Middle District of Tennessee for alleged acts or statements in California, Florida, Colorado, or Utah is improper. For these reasons and those described herein above, the Plaintiffs' Amended Complaint should be dismissed for lack of jurisdiction and improper venue.

In support of this Motion, the Bovaird Defendants rely on their Memorandum of Law filed contemporaneously herewith, and the following exhibits:

Exhibit A – Declaration of Michael Bovaird

Exhibit B – Declaration of David Weintraub

Exhibit C – Declaration of Florian Wiegand

Respectfully submitted,

*/s/ Peter C. Robison*

Peter C. Robison (BPR # 27498)
LEWIS THOMASON, P.C.
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615-259-1343
probison@lewisthomason.com
*Counsel for Defendants Michael Bovaird, Florian Wiegand, Suncoast Audio, LLC, Luxury Hi-Fi Distribution LLC, and Clarisys Audio Global Distribution, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2026 , a copy of the foregoing has been delivered to all parties at interest via Court's ECF system and/or U.S. Mail:

Eric G. Osborne
Amy R. Mohan
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Ave., Suite 1750
Nashville, TN 37203
eosborne@srvhlaw.com
amohan@srvhlaw.com
*Counsel for Plaintiff Veris Home Technology LLC*

Eric C. Lyons
Buchalter
1 Music Circle South, Suite 300
Nashville, TN 37203
elyons@buckalter.com
*Counsel for Defendant Michael Gefteas*

*/s/ Peter C. Robison*
Peter C. Robison