**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VERIS HOME TECHNOLOGY LLC, by itself and as assignee of SPEMOT AG, AXISS AUDIO USA, LLC, and AXISS DISTRIBUTION INCORPORATED** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No.: 3:26-cv-00918** |
| **v.** | ) | |
| | ) | **District Judge Waverly D. Crenshaw, Jr.** |
| **MICHAEL BOVAIRD, MICHAEL GEFTEAS, FLORIAN WIEGAND, SUNCOAST AUDIO LLC, LUXURY HI-FI DISTRIBUTION LLC, and CLARISYS AUDIO GLOBAL DISTRIBUTION, LLC,** | ) | **Magistrate Judge Luke A. Evans** |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

---

**REPLY BY DEFENDANTS MICHAEL BOVAIRD, FLORIAN WIEGAND, SUNCOAST AUDIO LLC, LUXURY HI-FI DISTRIBUTION LLC, AND CLARYSIS AUDIO GLOBAL DISTRIBUTION, LLC'S TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

---

Defendants Michael Bovaird, Florian Wiegand, Suncoast Audio LLC, Luxury Hi-Fi Distribution LLC, and Clarisys Audio Global Distribution, LLC (collectively the "Bovaird Defendants"), submit this Reply to Plaintiffs' Response [Doc. 35] to their Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 25], and state as follows:

1. **The Bovaird Defendants' only connection to Tennessee results from Plaintiffs' unilateral activity or random, fortuitous, or attenuated contacts.**

The foundation of Plaintiffs' claims is the Authorized Dealer Agreement ("Dealer Agreement") of April 28, 2023, between Axiss Distribution, Inc. d/b/a Axiss Audio ("ADI"), a California corporation, and Suncoast, a Florida company. Amended Complaint ¶ 81 & Exhibit 2. ADI and Suncoast are the only parties to  the Dealer Agreement. Plaintiffs must show that (1) the defendant purposefully availed itself of the privilege of acting in, or causing a consequence in,

the forum state; (2) the cause of action arose from the defendant's activities there; and (3) the defendant's acts or their consequences have a substantial enough connection with the forum to make jurisdiction reasonable. *Int'l Tech. Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386, 395-96 (6th Cir. 1997). If any requirement is unmet, jurisdiction fails, *Global Force Entm't, Inc. v. Anthem Sports & Entm't Corp.*, 385 F. Supp. 3d 579, 586 (M.D. Tenn. 2019) (*quoting Miller v. AXA Winterhur Ins. Co.*, 694 F. 3d 675, 68 (6th Cir. 2012)), and Plaintiffs bear the burden of establishing it. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020).

Plaintiffs stress their "relatively slight" burden (Doc. 35 at pp. 6, 10) but misread the *Ever-Seal case*. That phrase describes the plaintiff's burden of proof absent an evidentiary hearing; it does not relax the requirement of a prima facie showing supported by admissible evidence. *Ever-Seal, Inc. v. Duraseal, Inc.*, No. 3:22-cv-00365, 2022 U.S. Dist. LEXIS 151025, at *14-17 (*citing MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017)). The focus is the defendant's suit-related conduct, not the plaintiff's contacts with the forum, *Walden v. Fiore*, 571 U.S. 277, 285 (2014), and the unilateral activity of a plaintiff or third party cannot support jurisdiction. *Camps v. Gore Capital, LLC*, No. 3:17-cv-1039, 2019 U.S. Dist. LEXIS 1106655, at *12-13 (M.D. Tenn. 2019).

Plaintiffs' allegations are disputed by the Declarations of Bovaird, Wiegand, and Weintraub, which were attached to the Bovaird Defendants' Motion to Dismiss. Each "link" Plaintiffs cite to Tennessee (invoices sent by ADI's representative, communications with Goldsby, payments to a Tennessee bank) results from the AXISS-affiliated entities' decision to relocate operations to Tennessee. Suncoast simply purchased Soulution products from ADI, the only entity authorized by Spemot to sell them in the United States and Canada. "Jurisdiction is proper where the contacts proximately result from actions by the defendant *himself* that create a

'substantial connection' with the forum state." *Air Prods*, 503 F.3d 544, 551 (6th Cir. 2007) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

**2. The invoices and transactions by Suncoast for Soulution products are not new "contracts" with AAU.**

Plaintiffs rely on four alleged additional contracts with AAU, including verbal agreements regarding two purchases, installation, and confidentiality concerning PK-LA's return of products. Neither Veris nor AAU is a party to the Dealer Agreement. Plaintiffs, though, that Article 4.4 of the Dealer Agreement implicates the formation of "new" contracts between Suncoast and ADI. Article 4.4 states:

> 4.4 **Governing Terms.** Unless otherwise agreed by the Company in writing, the terms and conditions stated in this Agreement, in the Price List, on the Company's Invoices and on any order acknowledgment forms utilized by the Company apply to all dealings between the parties hereto. It is expressly agreed that no additional or different terms or conditions contained in Dealer's Purchase Orders or other business forms shall be of any force or effect whatsoever under any circumstances, even if orders submitted by Dealer on such forms are accepted and filled by the Company.

The invoices (Exhibits 5 and 6 to the Amended Complaint) contain only the items sold, the price, and a unilateral-authored delivery note; none contains terms regarding the alleged verbal agreements. Purchasing products as the Dealer Agreement contemplates does not create new contracts or subject Suncoast to jurisdiction in Tennessee. Article 20 of the Dealer Agreement provides that the Agreement may not be modified, supplemented, or amended except by a written instrument executed by both parties, and no other written contract was ever entered into by Suncoast. Bovaird Declaration ¶¶ 15-16, 18.

Plaintiffs use "AXISS" interchangeably for Veris, ADI, and AAU. However, the Dealer Agreement was with ADI. T.J. Goldsby acted on its behalf in facilitating the sales of Soulution products.; His and Clint Duffy's locations are irrelevant because only Defendants' actions matter to establish jurisdiction. The email from Margaret Carson ( Exhibit 1 to Plaintiffs' Response), on which Plaintiffs rely, was sent by ADI's treasurer and registered agent in Gardenia, California,

and permits payment to either the Nashville or the California address. *See* Secretary of State filings, attached hereto as Exhibit A.

Plaintiffs also assert that Spemot assigned its claims to Veris yet produce no evidence of an assignment. The Spemot contract (Amended Complaint Exhibit 1) is with ADI and provides that "[a]ll rights to Distributor (ADI) are indivisible and non-transferable without the written consent of Spemot." Spemot contract § 1.3. Thus, only ADI holds the only right to sell Soulution products, and Plaintiffs' contention that ADI is now merely a holding company is uncorroborated by their own evidence. Any resulting Tennessee contacts are due solely to ADI's own choice to allegedly cede operations to Veris and AAU in Tennessee.

**3. The Resnick, Weintraub, and Duffy Declarations do not establish jurisdiction.**

Even assuming Weintraub's emails with Ron Resnick implicate agency, they do not show purposeful availment of this jurisdiction or that the claims arose in Tennessee. The email on which Plaintiffs rely (Exhibit 3 to Ron Resnick's Declaration attached as Exhibit 4 to Plaintiffs' Response to the Motion to Dismiss) is dated January 15, 2026, after the alleged breach, and after AXISS had terminated Suncoast's contract in December 2025. Amended Complaint at ¶101. Clarisys had nothing to do with the Dealer Agreement.

Cliff Duffy's Declaration merely adds detail about the return of PK-LA's products. AAU cannot sell Soulution products; only ADI can. That Duffy chose to send the product to Nashville for testing is Plaintiffs' act, not an act by Defendants creating Tennessee contacts.

Plaintiffs likewise fail the second prong: contacts must relate to the "operative facts of the controversy." Ever-Seal, 2022 U.S. Dist. LEXIS 151025 at *4-5 (citing *Tailgate Beer, LLC v. Blvd. Brewing Co., No. 3:18-cv-00563*, 2019 U.S. Dist. LEXIS 94271 at *5-7 (M.D. Tenn. 2019)). The only links to Tennessee result from Plaintiffs' initiatives. Because Plaintiffs fail to make a

*prima facie* showing, the third prong need not be considered, but reasonableness, which considers the burden on the defendant, the forum's interest, and the plaintiff's interest in relief, also favors the Bovaird Defendants. *Ever-Seal*, 2022 U.S. Dist. LEXIS 151025, at *18 (*citing Bulso v. O'Shea*, 730 F. Appx 347, 351 (6th Cir. 2018) (the claim must arise from the defendant's contacts to the forum state that are related to the operative facts of the controversy). Veris and AAU are the only Tennessee entities, none of the Bovaird Defendants contracted with either, and no operative facts of the underlying controversies occurred in Tennessee.

**4. The intentional tort claims (defamation, slander, injurious falsehood, and intentional interference) do not support jurisdiction.**

These claims are analyzed under the "effects test" of *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), which asks whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm the defendant knows is likely to be suffered there. *Winston v. New Orleans Pelicans, LLC*, 2026 U.S. Dist. LEXIS 224069 at *8 (E.D. Mich. Sep. 30, 2026). None of the alleged statements occurred in Tennessee. They concern equipment made by a Swiss company (Spemot AG), distributed by a California company (ADI) through a Florida dealer (Suncoast) to a California customer (PK-LA), and were allegedly uttered in Colorado, Florida, Utah, or on online forums operated outside Tennessee. Amended Complaint ¶¶ 405, 407, 415. That Veris and/or AAU acquired operations of ADI and began moving them to Tennessee does not mean statements about ADI or the equipment it sold were aimed at Tennessee; a plaintiff's forum contacts do not establish a Defendant's contacts. *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

**5. Civil conspiracy claims**

Civil conspiracy is not a stand-alone claim; it requires an underlying tort or unlawful act. The predicate torts alleged took place in California, Colorado, Utah, and/or Florida, but not

Tennessee. As discussed *supra*, there is no connection between the Bovaird Defendants and this District, so the Court lacks personal jurisdiction over these claims.

**6. Venue in the Middle District of Tennessee is improper.**

Plaintiffs invoke 28 U.S.C. § 1391(b)(2), which requires "a substantial part of the events or omissions giving rise to the claim" to have occurred in the district. The Bovaird Defendants are located in Florida, Mr. Wiegand in Switzerland, and Gefteas in Texas. A contract dispute between Florida and California companies concerning a California customer, and statements allegedly made in California, Florida, Colorado, or Utah, do not support venue here.

CONCLUSION

Accordingly, this Court lacks personal jurisdiction over the Bovaird Defendants, and venue in the Middle District of Tennessee is improper. The Amended Complaint should be dismissed as to the Bovaird Defendants for lack of jurisdiction and improper venue.

Respectfully submitted,

*/s/ Peter C. Robison*

Peter C. Robison (TBPR # 27498)
Chase Ford Morgan (MSB #103311)
LEWIS THOMASON, P.C.
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615-259-1343
probison@lewisthomason.com
cmorgan@lewisthomason.com
*Counsel for Defendants Michael Bovaird, Florian Wiegand, Suncoast Audio, LLC, Luxury Hi-Fi Distribution LLC, and Clarisys Audio Global Distribution, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of November, 2026, a copy of the foregoing has been delivered to all parties at interest via Court's ECF system:

Eric G. Osborne
Amy R. Mohan
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Ave., Suite 1750
Nashville, TN 37203
eosborne@srvhlaw.com
amohan@srvhlaw.com
*Counsel for Plaintiff Veris Home Technology LLC*

Eric C. Lyons
BUCHALTER
1 Music Circle South, Suite 300
Nashville, TN 37203
elyons@buckalter.com
*Counsel for Defendant Michael Gefteas*

*/s/ Peter C. Robison*
Peter C. Robison