IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VERIS HOME TECHNOLOGY LLC by itself and as assignee of SPEMOT AG, AXISS AUDIO USA LLC, and AXISS DISTRIBUTION INCORPORATED (together d/b/a AXISS AUDIO), | ) | Case No. 3:26-cv-00918 |
| Plaintiffs, | ) | District Judge Waverly D. Crenshaw, Jr. |
| v. | ) | Magistrate Judge Luke A. Evans |
| MICHAEL BOVAIRD, MICHAEL GEFTEAS, FLORIAN WIEGAND, SUNCOAST AUDIO LLC, LUXURY HI-FI DISTRIBUTION LLC, CLARISYS AUDIO and GLOBAL DISTRIBUTION, LLC, | ) | JURY DEMAND |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANT MICHAEL GEFTEAS' MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**

## I. The Court Should Dismiss the Complaint for Lack of Personal Jurisdiction.

Plaintiffs' supporting declarations establish little more than that Gefteas did business with a Tennessee company. Plaintiffs allege that Gefteas: contracted with AAU; received products shipped from Tennessee; communicated with a Tennessean; received an invoice bearing a Tennessee address; and sent money to AAU's Tennessee bank. But these facts show nothing beyond the typical circumstances antecedent to any online, interstate consumer transaction. Were that sufficient, virtually every consumer who participates in online Black Friday shopping this week will purposefully avail him- or herself of an untold number of jurisdictions nationwide. Due process requires more. Even if AAU performed under the alleged contract in Tennessee, Gefteas' performance occurred exclusively *outside* of Tennessee, and he "[n]ever contracted to supply services or things *in Tennessee*, solicited business *in Tennessee*, or d[id] business *in Tennessee*."[1] Doc. No. 33-1, ¶ 2 (emphasis added). Gefteas did not derive revenue from, solicit business in, render services in, or reach out to Tennessee markets. Gefteas never targeted a Tennessee audience. *See also Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) (defamatory online postings "do[ ] not, without more, subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)."). It is true that courts have found personal jurisdiction when a defendant's speech has a "substantial connection" with the forum. *See, e.g.*, *Johnson v. Griffin*, 85 F.4th 429, 431 (6th Cir. 2023) (California celebrity's tweets allegedly defamed a Tennessee plaintiff regarding a Tennessee incident, mentioned Tennessee directly, mentioned plaintiff's Tennessee address, tagged plaintiff's Tennessee employer, and caused the termination of the plaintiff's employment in Tennessee); *Calder v. Jones*, 465 U.S. 783, 789 (1984) (California had jurisdiction over out-of-state defendants where California was the "focal point" of

[1] Plaintiffs' Response mischaracterizes Gefteas' testimony. Gefteas did not deny "*any* contracts" or "services." *Cf.* Doc. No. 36, PageID # 636. Rather, he denied performing services *in Tennessee*.

the defamation and the harm). Conversely, courts frequently decline to find jurisdiction when the defendant's speech has little or no connection to the forum. *See, e.g.*, *Carbone v. Kaal*, 140 F.4th 805, 811–12 (6th Cir. 2025) (distinguishing *Johnson* and *Calder* to find that Ohio did not have jurisdiction where defendants never targeted Ohio and Ohio was never the "focal" point); *see also Blessing v. Chandrasekhar*, 988 F.3d 889, 904–06 (6th Cir. 2021) (Kentucky had no jurisdiction over California and New Jersey residents who tweeted about the conduct of Kentucky students at a Washington, D.C. rally where defendants had not "posted the tweets hoping to reach Kentucky specifically as opposed to their Twitter followers generally"); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110 (6th Cir. 1994) (England-based defendant did not defame Ohioan by publishing statements about events in Monaco and France). Here, Tennessee was not the focal point of Gefteas' speech and his conduct does not show any substantial connection with Tennessee.

Plaintiffs' unsubstantiated speculation that Gefteas conspired with the other defendants does not confer jurisdiction because Plaintiffs' claims "upon information and belief" do not provide the Court with "more than a suspicion or conjecture that a conspiracy exists." *Strobl v. Croft*, No. 1:24-CV-140, 2025 WL 560762, at *10 (E.D. Tenn. Feb. 20, 2025), *motion to certify appeal denied*, No. 1:24-CV-140, 2025 WL 1106067 (E.D. Tenn. Apr. 14, 2025) (citation omitted).

## **<u>II. In the Alternative, the Court Should Dismiss for Improper Venue.</u>**

Venue is improper because Gefteas does not reside in Tennessee, *cf.* 28 U.S.C. § 1391(b)(1), Gefteas' allegedly actionable speech occurred outside of Tennessee, *cf.* § 1391(b)(2), and Plaintiffs have not shown no other district has jurisdiction. *Cf.* § 1391(b)(3).

## **<u>III. In the Alternative, the Court Should Dismiss for Failure to State a Claim.</u>**

As a threshold issue, Plaintiffs' attempt to rely upon declarations to rewrite their Amended Complaint is improper. *Cf.* Doc. Nos. 36-1–36-6. "Plaintiffs cannot [ . . . ] amend their complaint

in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint"; further, Plaintiffs "cannot cure the deficienc[ies]" in their pleading "by inserting the missing allegations in a document that is not either a complaint or an amendment[.]" *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483–84 (6th Cir. 2020) (citations omitted).

***Statute of Limitations.*** The Court should dismiss all claims arising from statements Gefteas made before October 1, 2025. Even assuming Veris wholly owns ADI and AAU, relation back unfairly prejudices Gefteas because the amendment pleads new facts and "theories of recovery"—including injurious falsehood and a Tennessee Consumer Protection Act ("TCPA") claim—which were not "clearly apparent from the [original] complaint." *Cf. Osborne Enters., Inc. v. City of Chattanooga*, 561 S.W.2d 160, 164 (Tenn. Ct. App. 1977). A one-year statute of limitations applies to defamation, "[a]ctions for libel," and TCPA claims. *See* T.C.A. §§ 28-3-104, 47-18-110.

***Breach of Contract (Count II).*** The Complaint fails to plead a sufficiently definite contractual non-disparagement term allegedly breached by Gefteas. The statute of frauds clearly and unequivocally appears on the face of the complaint because Plaintiffs fail to plead the date the contract became effective or which terms, if any, were in writing as opposed to verbal.

***Defamation (Count III).*** AAU concedes that it is factually accurate that AXISS did not fully refund pk_LA. AAU alleges that, because it had no contractual obligation to refund pk_LA, Gefteas defamed AAU when he expressed his belief that AXISS *should* refund pk_LA because that was the "ethical" or "right thing" to do. Such statements are the epitome of a "protected, nonactionable opinion." *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 601 (6th Cir. 2013).

Gefteas' statements about an unnamed "distributor," "manufacturer," and "amp company" did not sufficiently identify AAU. *Elias v. Rolling Stone LLC* illustrates this. 872 F.3d 97 (2d Cir. 2017). *Elias* concerned an article about an alleged rape at a fraternity house. Certain plaintiffs were

identifiable where the magazine described personal details that enabled friends, family, and others to recognize them. *Id.* at 105–06. Conversely, one *Elias* plaintiff, who enjoyed cycling, failed to plausibly allege statements "of and concerning" him where he relied on mentions of the graduation class and statements that the perpetrator rode his bike on campus. *Id.* at 107. Likewise, here, Gefteas' comments about an anonymous company in August 2025 do not become defamatory retroactively because of posts he made after AXISS publicly discussed the incident.

Plaintiffs cannot recover for Gefteas' alleged defamation of third-party products. Gefteas did not accuse AXISS of *causing* the equipment malfunction. Rather, Gefteas' posts discussed the quality of a Soulution product manufactured by non-party Spemot AG. AAU concedes that Spemot cannot assign defamation claims; thus, AAU cannot recover because the First Amendment precludes distributors, importers, and retailers from recovering for allegedly defamatory statements about products manufactured by a third party.[2] *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1039–41 (C.D. Cal. 1998) (distributor and importer); *Simmons Ford, Inc. v. Consumers Union of U.S., Inc.*, 516 F. Supp. 742, 751 (S.D.N.Y. 1981) (retailer).

Lastly, AAU does not plausibly connect its damages—lost sales—to Gefteas' statements about AXISS's refusal to issue the refund as opposed to negative sentiment about its products.

***Intentional Interference with Business Relationships (Count V).*** Count V does not state a claim because it does not plausibly connect the dots between Gefteas' alleged knowledge and any "breach or termination" of Plaintiffs' "business relationship[s]" with "specific third parties." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002) (elements 1, 2, and 3). Plaintiffs do not allege that any relationship Gefteas was aware of—*e.g.*, with Spemot,

[2] That Gefteas did not mean the amp literally exploded is illustrated by the Complaint exhibits showing another audiophile referring to the amps "blowing up." Doc. No. 25-16, PageID # 397.

Soulution, or Gauder Akustik—ended in breach or termination; nor do Plaintiffs allege Gefteas was specifically aware AXISS's relationships with dealers who actually breached or terminated. Doc. No. 25, ¶¶ 303–04, 424–25. Further, because all of Plaintiffs' predicate claims fail, Plaintiffs fail to show "improper motive" or "means." *Trau-Med*, 71 S.W.3d at 701 (element 4).

***Injurious Falsehood (Count VII).*** AAU's and Veris's injurious falsehood[3] claims concern the disparagement of their "property, speakers, and equipment." Doc. No. 36, PageID # 655. Even if actionable, such claims are exclusively available to the manufacturer. *Isuzu*, 12 F. Supp. 2d at 1039–41. Plaintiffs argue that Spemot could assign the claim to Veris because its pecuniary losses—*i.e.*, lost sales—transmute the reputational harm into injury to property, but the fact that a reputational loss has downstream financial consequences does not convert it into a property claim.

***TPCA (Count IX).*** Plaintiffs ask that the Court analyze their TCPA claim like defamation, but that is not the law of this Circuit, which treats T.C.A. § 47-18-104(b)(8) as a "state law analog" to the Lanham Act. *FedEx Ground Package Sys., Inc. v. Route Consultant, Inc.*, 97 F.4th 444, 459 (6th Cir. 2024). Moreover, as noted in *Elec. Ins. Co. v. Nationwide Mut. Ins. Co.*, "no authority" appears to find TCPA claims "assignable." 384 F. Supp. 2d 1190, 1194 (W.D. Tenn. 2005).

***Conspiracy (Count VI).*** As shown above, Plaintiffs fail to show an overt act or predicate tort to sustain their claim for conspiracy.

## CONCLUSION

For the reasons set forth herein, Gefteas respectfully requests that this action be dismissed.

---

[3] Plaintiffs dispute that Count VII is a claim for trade libel. Injurious falsehood is a common law tort including both libel of title and trade libel. *See, e.g.*, Restatement (Second) of Torts, Division Six, Chapter 28 (1977) (titled "Injurious Falsehood (Including Slander of Title and Trade Libel"). Count VII is not a claim for libel of title because it does not concern ownership. Rather, Count VII is a claim for trade libel because "[t]he particular form of injurious falsehood that involves disparagement of quality is commonly called 'trade libel.' " *Seaton*, 728 F.3d at 602 (6th Cir. 2013) (citation omitted). Whether Tennessee recognizes trade libel remains unsettled. *Cf. id.*

Respectfully submitted,

*/s/ Eric C. Lyons*
Eric C. Lyons (TN #036105)
BUCHALTER LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
elyons@buchalter.com
*Counsel for Defendant Michael Gefteas*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all attorneys of record registered on the CM/ECF system. All other parties will be served by electronic mail and/or U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Eric G. Osborne
Amy R. Mohan
SHERRARD ROE VOIGT & HARBISON, PC
1600 West End Ave., Suite 1750
Nashville, TN 37203
eosborne@srvhlaw.com
amohan@srvhlaw.com
*Counsel for Plaintiff Veris Home Technology LLC d/b/a AXISS Audio*

Peter C. Robison
LEWIS THOMASON, P.C.
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615-259-1343
probison@lewisthomason.com
*Counsel for Defendants Michael Bovaird, Florian Wiegand, Suncoast Audio, LLC, Luxury Hi-Fi Distribution LLC, and Clarisys Audio Global Distribution, LLC*

*/s/ Eric C. Lyons*
Eric C. Lyons (TN #036105)